**Date Signed:**
**October 13, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>HAWAII ISLAND AIR, INC.<br><br>Debtor. | Case No. 17-01078<br>Chapter 7 |
| QBE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH KANE, CHAPTER 7 TRUSTEE, DAVID UCHIYAMA, CHRISTOPHER GOSSERT, PAUL MARINELLI, JEFFREY AU, CATHERINE YANNONE, PHILIP WEGESCHEIDE, DAVID PFLIEGER, PACAP AVIATION FINANCE, LLC, MALAMA INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No. 22-90006 |

# RECOMMENDATION TO THE DISTRICT COURT TO <u>WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING</u>

This is an insurance interpleader action that has a connection to the chapter 7 bankruptcy proceedings of Hawaii Island Air, Inc. ("Island Air"). Because multiple parties have submitted a demand for a jury trial, I recommend the district court withdraw the reference to schedule the trial. Moreover, because this adversary proceeding could have only a limited effect on the bankruptcy case, there are closely related proceedings pending in district court, and for the other reasons stated below, I recommend that the district court immediately withdraw the reference of this adversary proceeding.

I.  **Background Facts**

In administering Island Air's bankruptcy case, the bankruptcy trustee, along with the unions representing some of Island Air's employees, has sued Island Air's direct and indirect owners and its former managers, alleging (in summary) that the defendants caused or exacerbated Island Air's failure and failed to comply with the federal WARN Act and a similar

Hawaii statute. Those suits were filed in the bankruptcy court, but the district court has withdrawn the reference to conduct a jury trial.[1]

QBE Specialty Insurance Company ("QBE") issued an insurance policy that requires QBE to defend and indemnify persons holding certain positions with Island Air against certain kinds of claims, subject to policy limits and terms. The defendants in the Island Air trustee's suits have demanded that QBE advance their defense costs and indemnify them under the policy.

In this adversary proceeding, QBE requests that the court allow it to deposit the remaining limit[2] of the policy into the court's registry to be allocated as the court determines, and discharge QBE from further liability under the policy. QBE has named as defendants every party who has made a demand under the policy, including Island Air's trustee. The trustee has

---

[1] *Kane v. PaCap Aviation Finance, LLC, et al.*, Case No. 20-cv-00246-JAO-RT.
[2] The combined policy limit is $6,000,000. During the pendency of the bankruptcy, QBE distributed a portion of these proceeds after entry of a stipulated order lifting the automatic stay. QBE now requests permission to deposit the remaining $5,513,221.51 to the court's registry.

3

since determined that pursuit of the estate's affirmative claims is not in the interest of the estate and, on July 28, the court granted her motion to dismiss those claims without prejudice. But the trustee remains a defendant in this case and has not abandoned any rights under the policy.

II. **Jury Demand**

Three defendants (Jeffrey Au, Malama Investments, LLC, and PaCap Aviation Finance, LLC) have demanded a jury trial (ECF 106 at 14, ECF 30 at 11, ECF 71 at 13). The court's scheduling order sets a deadline to file motions to strike the jury demand (ECF 82 at 3). The deadline has passed and no party has filed such a motion.

Bankruptcy courts can conduct jury trials only with the "express consent" of all parties to the case and only if the district court "specially designate[s]" the bankruptcy court to do so.[3] Neither condition is met in this case.

---

[3] 28 U.S.C. § 157(e).

4

In such a situation, this district court in Hawaii typically provides a date for the jury trial and directs that the reference will be withdrawn ninety days before that date.[4] This allows the bankruptcy court to conduct most pretrial matters, including dispositive motions, and protects the parties' right to a jury trial. I recommend that, at a minimum, the district court enter such an order in this case.

But in this adversary proceeding, I recommend that the district court go further and withdraw the reference immediately. The reasons for my recommendation follow.

### III. The Bankruptcy Court's Subject Matter Jurisdiction

All federal courts have an independent duty to ascertain whether they have subject matter jurisdiction of each case before them and may raise the issue of jurisdiction sua sponte.[5] To this end, I issued an order to

---

[4] *See, e.g.*, Order Adopting Recommendation to District Court to Withdraw Reference to Schedule Jury Trial at 2, *Kane et al. v. PaCap Aviation Finance, LLC, et. al.*, No. 19-00574-JAO-RT (D. Haw. Nov. 20, 2019) (ECF 6)

[5] *Bridge Aina Le'a, LLC v. State of Hawaii Land Use Commission*, 125 F.Supp.3d 1051, 1059 (D. Haw. 2015); *see Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

5

show cause requiring the parties to explain why the bankruptcy court has subject matter jurisdiction (ECF 122). The parties have filed written responses and appeared at a hearing.

I conclude that, although this adversary proceeding will probably have little (if any) actual effect on the Island Air bankruptcy case, the bankruptcy court has subject matter jurisdiction.

The district court has subject matter jurisdiction over bankruptcy cases and civil proceedings "arising under" the Bankruptcy Code, "arising in" cases under the Code, and "related to" cases under the Code.[6] The district court has authority to refer to the bankruptcy court all matters that are within its bankruptcy jurisdiction.[7] Our district court has exercised that authority.[8]

This proceeding does not "arise under" the Code. A proceeding "arises under" the Bankruptcy Code if "its existence depends on a

---

[6] 28 U.S.C. § 1334(b).
[7] 28 U.S.C. § 157(a).
[8] Local Rule 1070.1(a).

6

substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code."[9] None of the claims in this case is based on a Code provision.

QBE's claims against the Island Air bankruptcy trustee "arise in" the Island Air bankruptcy case. A proceeding "arises in" a case under the Bankruptcy Code if "it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code."[10]

In her administration of the estate, the trustee filed suit and subsequently made demands on the policy. In response to the trustee's demands, QBE seeks a determination of its obligations to the Island Air bankruptcy estate and an injunction that would bind the trustee. Claims against a bankruptcy trustee "for the trustee's conduct in administering the

---

[9] *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010).
[10] *Id.*

U.S. Bankruptcy Court - Hawaii   #22-90006   Dkt # 154   Filed 10/13/22   Page 7 of 15

bankruptcy estate" "arise in" the bankruptcy case, even if the claims are based entirely on state law.[11]

Even if "arising in" jurisdiction does not exist, I conclude that "related to" jurisdiction does. A proceeding is "related to" a case under the Bankruptcy Code if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." [12] The Ninth Circuit has recognized "[a] bankruptcy court's 'related to' jurisdiction is very broad,

---

[11] *In re Harris*, 590 F.3d 730, 738 (9th Cir. 2009); *see also Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 n.4 (6th Cir. 1992) ("While the specific causes of action, such as RICO, exist independently of bankruptcy cases, an action against a bankruptcy trustee for the trustee's administration of the bankruptcy estate could not").
[12] *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

8

including nearly every matter directly or indirectly related to the bankruptcy."[13]

This adversary proceeding could "conceivably" affect the Island Air bankruptcy case. The court might find that QBE is obligated to indemnify some of the defendants against the Island Air trustee's claims; if so, some of some of the policy proceeds might flow to the Island Air estate. Further, the injunction that QBE seeks would affect the trustee's "freedom of action."

There is no certainty that the Island Air estate will recover anything under the QBE policy. The claims against the policy surely exceed the policy limits. According to QBE, the policy limits are $6 million, about $5.5 million of which remain after the payment of certain defense fees and costs. The policy is a "wasting" policy, meaning that the payment of defense costs reduces the amount available for indemnification. QBE reports that it has already received requests for payment of defense costs in an amount exceeding $6 million.

---

[13] *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) (quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005)).

9

But there is a dispute about the priority of claims on the policy. Mr. Marinelli argues that the plan provides for payment on a first-come, first-served basis. On this view, if more than $6 million of defense costs are presented for payment before any indemnity claims are presented, the defense costs would be paid up to the policy limit and there would be no payment on account of the indemnity claims. QBE and other defendants argue that the first-come, first-served rule does not control, and that the court must instead allocate the proceeds among covered claims on an equitable basis. Under this scheme, some of the proceeds may be available for indemnity even if defense costs exceed the policy limit.

It is neither necessary nor appropriate to decide the disputes about policy coverage in order to ascertain the court's subject matter jurisdiction. Doing so would put the substantive cart before the jurisdictional horse. It is enough to observe that, because the estate's rights are involved, the dispute "arises in" the Island Air bankruptcy case, and because it is conceivable

10

(even if highly unlikely) that some policy proceeds could become available to the estate, the dispute is "related to" the bankruptcy case.[14]

### IV. Core vs. Non-core Proceeding

If the bankruptcy court has subject matter jurisdiction, one must next consider whether the proceeding is a "core proceeding," If so, the bankruptcy court could enter a final judgment, reviewable under the usual appellate standards. If not, the bankruptcy court could enter only proposed findings and a recommended judgment for the district court's de novo review (unless all parties consent to the entry of final orders by the bankruptcy court).[15]

---

[14] QBE also argues that diversity jurisdiction exists. But the district court can refer to the bankruptcy court only cases and proceeding under title 11, and not matters where diversity of citizenship is the only basis for federal jurisdiction. 28 U.S.C. § 157(a).

[15] There is no unanimous consent in this case. Fed. R. Bankr. P. 7012(b) provides that every responsive pleading must state whether the pleader consents to the entry of final orders by the bankruptcy court judge. The answers of Jeffrey Au, Malama Investments, LLC, and PaCap Aviation Finance, LLC state that they do not consent (ECF 30 at 11, ECF 71 at 13, ECF 106 at 14). None of the other answers contains the required statement.

11

28 U.S.C. § 157(b)(2) sets out a nonexclusive list of "core proceedings." The common theme is that core proceedings involve the liquidation and distribution of estate property or the assertion of rights that are unique to bankruptcy law.

QBE's claims against the Island Air trustee are core proceedings. QBE seeks a determination of the estate's rights under the policy and an injunction that would bar the trustee from asserting any claims against QBE. This "concern[s] the administration of the estate"[16] and "affect[s] the liquidation of the assets of the estate."[17] But the other claims in this case are non-core. The claims by all defendants other than the Island Air trustee against the QBE insurance policy, and QBE's request for an injunction against those other parties, have nothing to do with the bankruptcy estate or bankruptcy law.

Therefore, the bankruptcy court could enter a final judgment on only a few of the claims in this case. On most of the claims, this court could only

---

[16] 28 U.S.C. § 157(b)(2)(A).
[17] 28 U.S.C. § 157(b)(2)(O).

12

U.S. Bankruptcy Court - Hawaii   #22-90006   Dkt # 154   Filed 10/13/22   Page 12 of 15

provide recommended findings and conclusions and a proposed judgment which the district court would have to review de novo.

### V. Withdrawal of the Reference

The district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[18] The Ninth Circuit has said that, "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[19]

As is noted above, this is mostly a non-core proceeding in which the district court would have to review de novo the bankruptcy court's

---

[18] 28 U.S.C. § 157(d). The provision quoted in the text is permissive. Mandatory withdrawal applies "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id*. This mandatory withdrawal provision does not apply.
[19] *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

decisions. Withdrawal of the reference would use fewer judicial resources, and would be faster and cheaper for the parties, than having the bankruptcy court decide the matter and the district court decide the same matter anew. This case presents no risk of non-uniform bankruptcy administration or forum shopping. Further, the bankruptcy court has no special expertise about the questions of insurance coverage and payment priority that this adversary proceeding presents.

    Importantly, there is another proceeding pending in the district court that is based on the same insurance policy and the same events that gave rise to this adversary proceeding. Paul Marinelli, who is one of the defendants in this case, has sued QBE in district court for alleged bad faith violations of the insurance policy that is in issue in this case.[20] The factual basis of Mr. Marinelli's claim in the district court almost completely overlaps the allegations in this interpleader case. Mr. Marinelli alleges, among other things, that QBE filed this interpleader action in bad faith.[21]

---

[20] *Marinelli v. QBE Specialty Ins. Co.*, Case No. 1:22-cv-00391-SOM-KJM.
[21] *Id.*, ECF 1.

He has also demanded a jury trial and filed a motion for a preliminary injunction compelling QBE to advance his defense costs.[22] Although QBE has not made its interpleader claim in the district court case, it could do so by way of a counterclaim.

## VI. Recommendation

Although I am reluctant to burden the district court with additional work, I think there are many reasons why this adversary proceeding is more appropriately adjudicated in the district court rather than the bankruptcy court. Therefore, I recommend that the district court immediately withdraw the reference of this adversary proceeding.

Alternatively, I recommend that the district court schedule a date for a jury trial and continue to refer the matter to me for all other purposes, including dispositive and non-dispositive matters, until ninety days prior to the trial date.

**END OF RECOMMENDATION**

---

[22] *Id.*, ECF 1, 11.

U.S. Bankruptcy Court - Hawaii   #22-90006   Dkt # 154   Filed 10/13/22   Page 15 of 15